UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARRISH REDD,

        Plaintiff,                          Hon. Janet T. Neff

v.                                                    Case No. 1:13-CV-1227

ANDREW STACER,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. (Dkt. #1). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Plaintiff initiated this action pro se on November 7, 2013, against Andrew Stacer. Plaintiff alleges that Stacer has engaged in copyright infringement regarding a screenplay and original motion picture to which Plaintiff holds the copyright. In addition to asserting a claim for copyright infringement, Plaintiff also requests the entry of a temporary restraining order and preliminary injunction.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then

examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to establish that he is likely to prevail in this matter. Plaintiff's complaint is replete with conclusions and unsubstantiated accusations, but the absence of specific factual allegations supported by evidence is striking. Plaintiff has likewise failed to demonstrate that he would suffer irreparable injury in the absence of injunctive relief. The movie in question has, according to Plaintiff, already been filmed and is ready to be (or has already been) distributed. Plaintiff alleges that as a result of Defendant's unlawful conduct he has lost and will continue to lose large amounts in profits. Such damages, however, are not irreparable, but are instead readily compensable via monetary damages. *See*, *e.g.*, *Brake Parts, Inc. v. Lewis*, 2011 WL 3510225 at *5 (6th Cir., Aug. 11, 2011) ("the possibility that adequate compensatory or other corrective relief will be available at a later date weighs heavily against" a claim for injunctive relief). Finally, the Court finds that the public interest would not be

served by affording injunctive relief in the absence of evidence or circumstances supporting such. Accordingly, the undersigned recommends that Plaintiff's motion be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, (Dkt. #1), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 14, 2013         /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge