UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PARRISH REDD,

            Plaintiff,                                 Hon. Janet T. Neff

v.                                             Case No. 1:13-cv-1227

ANDREW STACER,

            Defendant.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant's Motion to Dismiss and Hold Plaintiff in Contempt, (Dkt. #10); and Defendant's Supplemental Motion to Dismiss and Hold Plaintiff in Contempt, (Dkt. #14).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motions be **granted in part and denied in part** and this matter **dismissed**.


## BACKGROUND

        The following allegations are contained in Plaintiff's complaint.  (Dkt. #1).  In 1997, Plaintiff developed the idea to "write, produce and direct" a movie centered around a pawn shop and the various characters that frequented such.  Plaintiff worked on this project for several years and in 2008 formed Paris Deior Studios, LLC for the purpose of "producing motion pictures."  Plaintiff, along with two other individuals, subsequently authored the screenplay "Pawn Shop."  Plaintiff registered this work with the United States Copyright Office.  In 2009, Plaintiff, in conjunction with Paris Deior Studios,

filmed the movie, "Pawn Shop." On May 26, 2011, Plaintiff registered this movie with the United States Copyright Office.

The movie "Pawn Shop" was scheduled to premiere on April 20, 2012, in Southfield, Michigan. Defendant Stacer "fraudulently subpoenaed" the theater in question, however, resulting in the cancellation of the movie's premiere. In June 2012, Paris Deior Studios released "Pawn Shop" on DVD. Defendant subsequently copied the movie and distributed copies thereof in violation of Plaintiff's copyright. Plaintiff initiated this action alleging copyright infringement. Plaintiff seeks monetary damages and injunctive relief.

Defendant Stacer now moves to dismiss Plaintiff's action. Defendant asserts that venue is improper in this Court. Defendant further asserts that Plaintiff's allegations fail to state a claim on which relief may be granted and, furthermore, are barred by the doctrines of res judicata and collateral estoppel. Finally, Defendant moves the Court to find Plaintiff, as well as his non-party sister, in contempt of court.

## <u>ANALYSIS</u>

### I.    Venue

Defendant argues that the present action must be dismissed because venue is improper in this Court. There appears to be a split of authority among district courts in the Sixth Circuit concerning which party bears the burden in the context of a motion alleging improper venue. *See Reilly v. Meffe*, - - - F.Supp.2d - - -, 2014 WL 1096144 at *3 (S.D. Ohio, Mar. 19, 2014). The Court need not resolve this conflict, however, because even if the burden rests with Defendant, he has satisfied such.

Venue for civil actions in federal court is governed, generally, by 28 U.S.C. § 1391 which provides, in part, that venue is proper in the following locations: (1) a judicial district where any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A separate venue provision, however, applies to actions alleging copyright infringement. Specifically, a civil action "arising under any Act of Congress relating to copyright. . .may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400.

For purposes of § 1400, a defendant "may be found" in any judicial district in which he is subject to personal jurisdiction. *See, e.g., Palmer v. Braun*, 376 F.3d 1254, 1259-60 (11th Cir. 2004). Given this particular definition or interpretation, there arguably exists a potential for confusion given that personal jurisdiction is assessed by reference to the defendant's contacts with the state as a whole whereas venue is concerned with a particular judicial district within a state. Specifically, the question is whether a defendant "may be found" for purposes of § 1400 and, thus venue properly established, in *any* judicial district in a state in which the defendant is subject to personal jurisdiction. Courts have addressed this circumstance by concluding that, for purposes of § 1400, each judicial district is considered to be a separate and distinct state. *See, e.g., TC Logistics, Inc. v. Trucking Start-Up Services, L.L.C.*, 2008 WL 623809 at *6 (W.D. Mich., Mar. 4, 2008); Wright, Miller, Cooper, & Freer, Federal Practice and Procedure: Civil 4th § 3819.

In his complaint, Plaintiff makes no statements or allegations concerning where Defendant "resides or may be found," other than to simply assert that Defendant "is a resident of

Michigan."  Defendant, on the other hand, asserts that his residence and place of business are both located in Wayne County, which is within the Eastern District of Michigan.  In response to the present motion, Plaintiff offers neither evidence nor allegation to the contrary.  Moreover, as Plaintiff himself alleges, the actions giving rise to this action occurred entirely within the Eastern District of Michigan. The Court, therefore, discerns no basis for the Western District of Michigan (if considered a separate and distinct state) to exercise personal jurisdiction over Defendant.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2850-51 (2011) (a state may exercise personal jurisdiction over a defendant whose "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State" or when there exists an "affiliation between the [State] and the underlying controversy").  Accordingly, because Defendant neither resides nor may be found within the Western District of Michigan, venue is not proper in this Court.

In such a circumstance, federal law provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  As discussed below, Plaintiff's current claims are barred by the doctrine of collateral estoppel. Thus, the Court finds that the interests of justice would not be served by transferring this matter to another court.

## II.        Plaintiff's Previous Lawsuits and the Doctrine of Collateral Estoppel

Plaintiff has previously filed two lawsuits concerning his allegations of copyright infringement regarding the movie "Pawn Shop."  A review of such reveals that Plaintiff is precluded from asserting the claims advanced in the present action.

On April 23, 2013, plaintiffs Parrish Redd and Paris Deior Studios, LLC initiated in the United States District Court for the Eastern District of Michigan a lawsuit against: (1) Ozone Music and Sound; (2) Marty Peters; and (3) Chris Hugan (case number 2:13-cv-11819).[1]  (Dkt. #11, Exhibit 14). In this lawsuit, the plaintiffs alleged that the defendants violated their copyright by unlawfully copying and distributing the movie "Pawn Shop."  Paris Deior Studios was subsequently dismissed from the case because it was not represented by an attorney.

On September 26, 2013, Fidelity Capital, represented by Andrew Stacer, was permitted to intervene in this matter.  (Dkt. #11, Exhibit 16).  Fidelity advanced several counterclaims alleging that it, in fact, owned the copyright to the movie "Pawn Shop" and that Parrish Redd and Paris Deior Studios, LLC, by continuing to copy and distribute "Pawn Shop," were committing tortious interference with business relations and copyright infringement.  (Dkt. #11, Exhibit 17).

Fidelity subsequently moved for summary judgment on its various claims.  (Dkt. #11, Exhibit 18).  Specifically, Fidelity asserted, in part, that Parrish Redd and Paris Deior Studios, LLC had previously transferred to Fidelity the copyright interests in the movie "Pawn Shop."  (Dkt. #11, Exhibit 18).  Fidelity further asserted that by continuing to copy and distribute "Pawn Shop," Parrish Redd and Paris Deior Studios, LLC were infringing Fidelity's copyright in the movie.  (Dkt. #11, Exhibit 18). Defendants Ozone Music, Peters, and Hugan subsequently joined Fidelity's motion for summary judgment.  (Dkt. #11, Exhibit 19).

---

[1]  Shortly thereafter, Plaintiff initiated a separate lawsuit in the United States District Court for the Eastern District of Michigan, on behalf of Paris Deior Studios, LLC, against Music Video Distributor, Inc. (case number 2:13-cv-12315).  (Dkt. #11, Exhibit 13).  In this lawsuit, Paris Deior Studios alleged that the defendant violated its copyright by unlawfully copying and distributing the movie "Pawn Shop."  This action was dismissed without prejudice on September 12, 2013, because Paris Deior Studios, LLC, the sole plaintiff, was not represented by an attorney.  (Dkt. #11, Exhibit 15).

On November 18, 2013, the Honorable Arthur J. Tarnow granted in part and denied as moot in part Fidelity's motion for summary judgment.  (Dkt. #11, Exhibit 20).  As the court explained, the undisputed evidence revealed the following.  Parrish Redd and Paris Deior Studios, LLC had, at one point in time, owned the copyright to the movie "Pawn Shop."  In August 2009, Fidelity agreed to loan to Parrish Redd and Paris Deior Studios funds for the purpose of completing "Pawn Shop."  As part of this agreement, Redd transferred his copyright interests in the movie "Pawn Shop" to Paris Deior Studios, LLC, which then used such rights as security to obtain the aforementioned loan.

Parrish Redd and Paris Deior Studios defaulted on this loan, however, and Fidelity later sued both in state court.  Default judgment was subsequently entered against Redd and Paris Deior Studios.  Redd and Paris Deior Studios were ordered to pay to Fidelity damages in the amount of $533,109 as well as costs and attorneys' fees in the amount of $47,306.63.  Fidelity was also awarded

> full use of the Copyrighted Work [the movie "Pawn Shop"] to recoup its full damages, including. . .access to use of the Copyrighted Work, or copies thereof, whether it be to sell the Copyrighted Work "as is" or to complete the Motion Picture, which collateral may include all film materials related to, whether recorded before, during and after the recording, filming and preliminary editing of the feature film Pawn Shop, including but not limited to approximately 29 HDCAM tapes master visual recordings, 6 CD's with the master audio recordings, and 1 hard drive containing audio and video footage.

The default judgment "also allowed Defendant Fidelity to file a lien with the U.S. Copyright Office in relation to the motion picture, in order to preserve its rights in the Copyrighted Work as the source of payment for damages."  Accordingly, Parrish Redd was ordered to surrender to Fidelity "all materials related to" the movie "Pawn Shop."  Redd refused to comply with this order after which the state court issued an order of contempt.

Fidelity subsequently entered into an agreement with Ozone Music and Sound, of which Marty Peters and Chris Hugan are agents, "for the completion of post-production" work on "Pawn Shop." Fidelity also entered into agreements with other entities for the distribution of "Pawn Shop." Parrish Redd and Paris Deior Studios nevertheless continued to copy and distribute the movie "Pawn Shop." The aforementioned state court judgment against Parrish Redd and Paris Deior Studios was never appealed.

With respect to the issue of copyright infringement, Judge Tarnow concluded that there existed no factual dispute that "all rights to the Copyrighted Work" had been lawfully transferred to Fidelity. Accordingly, the court granted Fidelity's motion for summary judgment as to Plaintiff's copyright infringement claim. The court likewise granted Fidelity's motion for summary judgment as to its copyright infringement counterclaim. The court also granted Fidelity's other counterclaims and requested relief, finding that "[n]ot only does Plaintiff Redd no longer have rights in the Copyrighted Work, but Defendants have also shown that Plaintiff's actions have interfered with Defendants' ability to use and further profit from the Copyrighted Work." The court also granted Fidelity's motion for contempt, finding that Parrish Redd had violated the court's previous order that the parties not communicate with each other. Specifically, the court found that Parrish Redd had "repeatedly" threatened and harassed Fidelity and its counsel, Andrew Stacer. This judgment has likewise not been appealed.

The doctrine of collateral estoppel bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Arkansas Coals, Inc. v. Lawson*, 739 F.3d 309, 320 (6th Cir. 2014) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). Collateral estoppel applies if the

following four requirements are satisfied: (1) the precise issue must have been raised and actually litigated in the prior proceeding; (2) the determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *See Arkansas Coals,* 739 F.3d at 320-21.

　　　　　In the present action, Plaintiff asserts a copyright infringement claim based upon the allegation that he owns the copyright interests in the movie "Pawn Shop." A review of Judge Tarnow's opinion, discussed above, reveals that Plaintiff is estopped from re-litigating the issue of the ownership of the copyright interests in question. The issue of who owns the copyright interests in question was raised and litigated in Plaintiff's action against Ozone Music and Sound, Marty Peters, and Chris Hugan. Resolution of the copyright ownership issue was necessary to the outcome in that matter. Plaintiff was afforded a full and fair opportunity to litigate this issue. Finally, this previous action resulted in a final judgment on the merits. Plaintiff is, therefore, estopped from asserting any claim based upon the allegation that he owns any copyright interests in the movie "Pawn Shop."

　　　　　As previously noted, it having been demonstrated that venue is improper in this Court, the present action must be dismissed, unless the Court determines that the interests of justice would be served by instead transferring the matter to a court in which it could have properly been brought. The Court finds that the interests of justice would not be served by transferring the present action to another court as such would simply waste additional judicial resources and compel Defendant Stacer to expend additional time and resources defending a claim without merit. Accordingly, the undersigned recommends that the present action be dismissed.

**III.**          **Contempt**

Defendant also requests that this Court fine and incarcerate Plaintiff, and his non-party sister, for contempt of court.  Defendant asserts that the mere fact of filing the present action should result in contempt sanctions for Plaintiff and his sister.  Defendant further alleges that imposition of contempt sanctions is appropriate because Plaintiff and his sister have continued to harass, threaten, and commit torts against himself and numerous other individuals.

While the Court understands Defendant's frustration with Plaintiff's alleged obstreperousness, the undersigned does not find it appropriate for *this* Court to impose such sanctions. Plaintiff has violated no Order of this Court and to the extent that Defendant asserts that Plaintiff is acting in violation of Orders issued by other courts, the undersigned finds that such courts are the more appropriate forum for Defendant to pursue this particular matter.  Furthermore, to the extent that Defendant asserts that Plaintiff has violated the law and/or committed certain torts, such matters are not properly before this Court.  Accordingly, the undersigned recommends that Defendant's motion for contempt be denied.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss and Hold Plaintiff in Contempt, (Dkt. #10), be **granted in part and denied in part**; Defendant's Supplemental Motion to Dismiss and Hold Plaintiff in Contempt, (Dkt. #14), be **granted in part and denied in part**.  Specifically, the undersigned recommends that Defendant's motion for contempt be **denied** and Defendant's motion to dismiss for improper venue be **granted** and this matter **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 9, 2014

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge